J. E. HORNBECK *against* WESTBROOK.

THE SAME *against* THE SAME.

THE SAME *against* THE SAME.

IN error, on *certiorari*, from a justice's court. The return in the first cause, stated that the parties voluntarily appeared before the justice, and *Westbrook*, the defendant in error, declared against *Hornbeck*, the plaintiff in error, in an action of trespass *quare clausum fregit*; and for cutting wood, &c. the 1st of *April*, 1810, on a certain tract of land, which *Jacob De Witt* and others, trustees of the town of *Rochester*, by virtue of the patent to them, by deed, on the 6th of *January*, 1728, conveyed in fee to *Cornelius Hornbeck*, for a valuable consideration. The defendant pleaded and justified the trespass, because the deed contained a *proviso*, that the inhabitants of *Rochester* should be allowed to cut and carry away wood, &c. from any part of the said land, not in fence, and that he was, and had been, from the 1st of *January*, 1800, an inhabitant of *Rochester*, and, by virtue of the said *proviso*, he entered and cut the wood, &c. and that the *locus in quo* was not in fence, &c. To this plea there was a general demurrer and joinder, on which the justice gave judgment for the plaintiff for three dollars.

The inhabitants of a town, not being incorporated, are incapable in law, to take any estate in fee. And a *proviso* in a deed to A. dated in 1728, reserving to the inhabitants of the town of *Rochester*, which was not incorporated, the right to cut wood on the lands conveyed, when not in fence, &c. was held to be void. If operative it would only give the right to the inhabitants of the town, living at the time of the grant, as the *proviso* contained no words of perpetuity.

In the *second* cause, the return also stated that the parties voluntarily appeared before the justice, and *Westbrook* declared *against Hornbeck*, in an action of trespass *quare clausum fregit*, and for cutting and carrying away wood, &c. on the 2d of *April*, 1810, as in the first cause ; to which the defendant put in the same plea ; and the plaintiff demurred, and for cause, stated that the *proviso* in the deed was limited to such persons as were inhabitants of *Rochester*, on the 6th of *January*, 1728, and that they were allowed to cut wood, &c. for their own use only.   There was a joinder in demurrer; on which the justice gave judgment for the plaintiff for three dollars.

In the *third* cause, the return stated the same proceedings as in the last cause, except the trespass was laid on the 3d of *April*, 1810, and the defendant in his plea, alleged that the *locus in quo* was enclosed only by a *bush* fence, and not by any fence for useful or agricultural purposes ; and the plaintiff in his replication, stated that ever since the date of the patent to the trustees of the town of *Rochester*, the trustees had been in the practice of selling the common lands, by deeds with such *provisoes ;* and that in consequence of such *provisoes*, it had been a prevalent custom in the town, and universally adopted by the proprietors of the lands, under such deeds, to enclose them with such a fence, for the purpose of excluding them from the operation of the reservation ; and that the defendant knew of such a custom, and that the premises were so enclosed.   The defendant rejoined and admitted the *custom*, and that the *locus in quo* was enclosed with such customary fence, but that the fence was insufficient, and the custom invalid, &c.   The plaintiff demurred, and the defendant joined in demurrer. The justice gave judgment for the plaintiff for three dollars.

*Per Curiam.*   The *proviso* in the deed of 1728 was null and void.   The inhabitants of the town of *Rochester* were not incorporated, so as to be competent to take an estate in fee.   A grant to them would have been void for uncertainty, in like manner as a grant would be void to the churchwardens of a parish, or to the inhabitants of *Dale*, or to the commoners of such a waste. (*Shep. Touch.* 236. *Co. Litt.* 3. a.) It was decided, at the last term, that a grant to the people of the county of *Otsego* was void, for the same reason.   (*Jackson, ex dem. Cooper, &c.* v. *Cory,* 8 *Johns. Rep.* 385.)   The grantors in the deed of 1728, were seised in fee, as private individuals, and were competent to convey in fee, the common lands of the town of *Rochester*.   This was so settled in the

case of *Jackson* v. *Schoonmaker.* (*2 Johns. Rep.* 230.) And if the inhabitants were incompetent to take an estate at law, by that name, a reservation to them, in a deed in fee to a third person, would be equally void. But such a covenant or reservation to any third person would be void. A person who is not a party to a deed, cannot take any thing by it, unless it be by way of remainder. The grantor cannot covenant with a stranger to the deed. This is an acknowledged rule of law. (*Salter* v. *Kidgley,* *Carth.* 76.) In *Whitlock's Case,* (8 *Co.* 69.) it was admitted, that a reservation in a deed to a stranger was void. If this proviso had any legal operation, it could not have vested a right in any other persons than those who were at the time of making the deed inhabitants of *Rochester.* There were no words of perpetuity, and the inhabitants were not an incorporated body, so as to be enabled to transmit a privilege to their successors. If it was any thing, it was a personal privilege, and confined to the then existing inhabitants.

The right claimed by the defendant below is, then, in every point of view, absolutely groundless, and the judgment in each case ought to be affirmed.

Judgment affirmed.