NEW-YORK,
May, 1815.

HORNBECK AND OTHERS *against* SLEGHT.

HORNBECK
v.
SLEGHT.

THIS was an action of trespass on the case, tried at the *Ulster* circuit, in *September*, 1813, before Mr. Justice *Spencer.*

The plaintiffs gave in evidence, a deed from the trustees of the town of *Rochester* to *Cornelius Hornbeck*, dated 6th *January*, 1729, which recited the patent of *Rochester*, the power of sale given thereby to the trustees, &c. and after a description of the premises, the *locus in quo* and the *habendum*, it contained the following clause: " Yielding and paying annually, every year, chief and quit rents, due for the said tract of land and premises, the sum of two shillings, current money, &c. *Provided always*, that the inhabitants of the said town of *Rochester* may have allowed sufficient roads and outways over the said tract of land, and to break, cut, and carry away wood and stone from off any part of said land which shall not be in fence."

It was admitted that the trees cut by the defendant were on lots No. 10. and No. 11. of the tract of land, granted by the trustees of *Rochester* to *Cornelius Hornbeck*, and that the defendant was entitled to those lots by devise or descent. It was proved by a surveyor, that the tract of land originally claimed by *Cornelius Hornbeck*, under the deed from the trustees of *Rochester*, would include about 50,000 acres; and, as since settled along the line of a deed to one *Louw*, who also claimed under the trustees of *Rochester*, about 30,000 acres.

The defendant proved that he held his farm under *Louw's* deed. The defendant then gave in evidence the patent of *Rochester*, dated the 25th *June*, 1703. It was admitted that there had been a regular succession of trustees, by election and conveyance, as mentioned in the patent, from that day to the present, and that the trustees for the time being, transferred the property to their successors by deed, reciting the patent, and under the same trusts, &c. That the defendant, at the time of the alleged trespass, was, and had been for 11 years before, a freeholder and inhabitant within the patent of *Rochester*; that the wood cut was for the necessary firewood of the defendant and his family, and was used by him as such on his farm. The defendant also proved by the book of minutes, kept by the trustees of *Rochester*, that all the lands were to be granted, with a re-

*A proviso in a deed from the trustees of the town of R. (authorized by the patent to convey to H.) that the inhabitants of R. (who were not a body corporate) be allowed to cut and carry away wood from any part of the land not enclosed, is void.*

NEW-YORK,
May, 1815,

HORNBECK
v.
SLEGHT.

servation of a right to the freeholders and inhabitants of the town of *Rochester*, to cut and carry away wood on lands not enclosed: and it was admitted that the *locus in quo* was not enclosed, or in fence.

A verdict was taken, by consent, for the plaintiffs, for ten dollars, subject to the opinion of the court, on a case to be made: and it was agreed, that if the court should be of opinion that the plaintiffs were entitled to recover, the verdict should stand; but if the court were of opinion that the defendant had made out a justification for cutting necessary firewood, the verdict was to be set aside, and a new trial granted, with costs to abide the event of the suit; or if the court should be of opinion against the defendant, he should be at liberty to turn the case into a special verdict.

*Sudam*, for the defendant, contended that the *proviso* in the deed from the trustees of the town of *Rochester*, operated as a covenant, running with the land in favour of the *cestui que trusts,* who were the freeholders and inhabitants of *Rochester*.* It could not be made to them, but was made to the trustees for their benefit. It may be considered as a covenant running with the land, or as condition, or exception, or reservation, as might be most consonant to the intention of the parties.† A reservation or proviso may be in any part of a deed. Though a general grant to the freeholders and inhabitants of *Rochester* would be void for uncertainty, yet a reservation out of a grant to trustees, for their benefit, would be good. The patent speaks of the freeholders and inhabitants for the time being, as *cestui que trusts,* and persons interested. They are not strangers The intention of the trustees in making this proviso is manifest, and the court will feel disposed to carry that intention into effect. The privilege of cutting wood is not personal, but an easement running with the land. Where a trust is clearly expressed in an instrument, or appears on the face of the deed, the rule is the same at law as in equity.‡

* *Cruise's Dig. Deed.* ch. 5, sec. 16 & 17.
*Cruise's Dig. Covenant*, ch. 7. sec. 4.
*Shep. Touchst,* 158—163.
† 4 Leo. 72, 73.
*Saunders on Uses*, 47. 209.
19 *Vin. Ab. Reservation,* (L.) (S.) (T.) (Z.)
2 *Co. Rep.* 70.
*Co. Lit.* 47 a. 143 a.

‡ *Saunders on Uses and Trusts*, 205. 227.

*L. Elmendorf*, contra, relied on the case of *Hornbeck* v. *Westbrook*.§ It was there decided, that this reservation, being to third persons, was void. The reservation must be to a party, not a stranger; and it must be to a person capable of taking. This is not a grant or conveyance in trust, on the face

§ 9 *Johns. Rep.* 73.

of the deed. If this was a valid reservation, it could only be to the freeholders and inhabitants of *Rochester*, who were living at the time of the deed. It could not enure to their successors.

*Per Curiam.* This case cannot be distinguished from that of *Hornbeck* v. *Westbrook.* (9 *Johns.* 73.) It is there expressly decided, that the *proviso* in the deed of 1728, was null and void; that the inhabitants of *Rochester* were not a body corporate, so as to be competent to take an estate in fee. And if a grant to them would be void, a reservation to them, in a deed in fee to a third person, would be equally void. Nor would it be valid as a covenant to stand seised. The inhabitants of *Rochester* were strangers to the deed. The present inhabitants, at all events, must be so considered. For they not being a body corporate so as to perpetuate the rights granted by the patent, these rights must be restricted to the then inhabitants. They alone were the *cestui que trusts.* The grantors in this deed were seised in fee as private individuals, and competent, under the patent, to convey the common land of the town of *Rochester.* (2 *Johns. Rep.* 230.) Their deed, and all provisos and reservations, must receive the same construction, and be governed by the same rules, as the deeds of other individuals. The plaintiffs must, therefore, have judgment upon the verdict of the jury.

Judgment for the plaintiffs.