Judge "Wright,
delivered the opinion of the court:
The counsel for the defendants admit that the first plea is bad. The admission might have been extended to embrace the second and third pleas also. They appear to me too loose and uncertain to be substantially good. The first admission sustains the demurrer as to the pleas, and does away the necessity of looking further into them. The defendants claim, however, that a bad plea is good enough for a bad declaration, and we are asked to examine the declaration, against which a number of objections are urged, such as the want of averment of entry; that the lease is without witnesses, and has not been recorded; that there is no privity between the plaintiffs and the lessee, and obligors; that it does not appear that the plaintiffs had any power to make a lease for school section 16.
We have in this state two kinds of township corporations. The inhabitants of the election district, properly organized (the political district), have trustees who are a body corporate, empowered to manage the local affairs of the people in such township. Within the land surveyed and sold by the United States, the inhabitants of each original surveyed township, in which is situate a school section, when they number twenty and upward, are authorized by law to elect officers, and thenceforth the trustees-become a body corporate to manage the school section. The political township might include within its boundaries several entire, original surveyed townships, or parts of several. The two corporations-are distinct. The law in force, when the lease in question was executed, empowered the trustees of the political ^township, within which was situate any original surveyed township, containing a school section, where there were not twenty electors, to . lease the school section, and secure the rents arising therefrom to *169 "the inhabitants of said original surveyed township, when they should become incorporated. It is claimed by the plaintiffs that the case made in the declaration is one under this provision of this law, and that under it, the bond and lease in question can be .sustained. The trustees of townships^are a corporation for special limited purposes, with special and defined powers only, and can not, in general, do any act foreign to the purpose of their creation. 3 Ohio, 157; 8 Johns. 425; 9 Johns. 73; 12 Johns. 199; Kyd on Corp. 72. The power to lease the school sections is not within the general powers of the trustees of townships. That is a special authority which they are empowered to exercise in only one ■event. It would seem to follow, on common principles, that any ■one who would make title through these trustees, in the discharge of this special power, should be held to show, in his pleading, the existence of the state of things under which, alone, they could act. In this view, the declaration sets out no title, and the defect is one which can be noticed on the demurrer. We need not ex.amine further, or remark upon the effect of naming the several sets of trustees, in the way they are named in this declaration, but will intimate that the safer way of pleading, in such cases, would be to omit the names of the persons exercising the duties of trustees, and use the corporate name only. We do not intend, in this decision, to intimate what our opinion would be in a case where it appeared that a lessee had entered and enjoyed the premises ■demised.
Leave to amend.