The testimony introduced by the plaintiff, to prove that sparks emitted from the smoke pipe of the dredge, had before been carried to as great or a greater distance, and set fire to buildings, was competent and properly *Page 551 
received; because the testimony tended to show, what experience had shown to be the nature and operation of the machine; and thus to show what degree of care was required in operating the machine.
I think there was evidence enough to submit to the jury as to the defendant, Richardson. The testimony was that the defendants had operated the dredge as partners previously; and one of the hands employed on the dredge at the time of the accident, testified that he was hired by the defendant, Richardson, to work generally on the dredge that fall.
I think the evidence of the defendant, Richardson, was properly rejected on the ground that the notice of his examination was defective, in not specifying the points upon which he was intended to be examined. (Code, § 399, amendt., 1857.) The notice in this case was general, specifying no points at all. It was, in effect, merely a notice that he would be examined as a witness in the case. (Patterson v. John, 15 How., 289; Benham v.N.Y.C.R.R. Co., 13 How., 198.)
The charge of the judge to the jury "that if they found from the evidence, that the defendants were guilty of actual negligence in the use of the dredge, and by means thereof had fired the property of the plaintiff, he was entitled to recover" was clearly right. It left the whole question of negligence to the jury, whose province it was to pass upon it.
The court properly refused to instruct the jury "that if the steam dredge was constructed in the form generally adopted, and was used for the purposes to which such dredges are generally applied; and was used and applied in the ordinary manner, and with the usual guards and precautions adopted by persons using them; there had been no such negligence as will render the defendants' liable in this action;" because such a charge would have partially taken the question of negligence from the jury; and because such machines or dredges might have been usually used and applied in a careless manner, and not with the guards and precautions which the legal duty of care in the use of such machines required. *Page 552 
It seems that the jury were properly told that they might allow interest upon the value of the property from the time it was destroyed. (Walrath v. Redfield, 18 N.Y., 457.) This was saying to the jury that they might allow such interest by way of damages.
My conclusion is, the judgment of the Supreme Court should be affirmed, with costs.
All the judges concurring,
Judgment affirmed.