Davies, J.
It will be convenient to consider the questions raised on this appeal in the order they have been above stated. In reference to the testimony given- as to the distance the *546 engine had previously emitted sparks which kindled fires, it is obvious such testimony was offered to meet an objection which was or might be urged, that, at the time of the happening of this particular fire, the engine was at so great a distance from the buildings ignited that they were not, in all reasonable probability, set on fire by sparks from it. In this view, it is difficult to see any sound objection to the testimony. It was the object of the plaintiff to show the cause of the fire; and this, doubtless, had to be established by circumstances. If any one had seen the sparks leave the engine and proceed to and ignite the buildings, this would have been such clear, positive and direct testimony as would, doubtless, have rendered any resort to circumstantial.testimony unnecessary. But if no such positive testimony was given, or, if given, it became necessary to sustain it by other testimony, then it was most pertinent and important to show that on previous occasions the engine had emitted sparks which passed over a greater space than that between it and the buildings consumed on the present occasion, and caused the ignition of other buildings or materials. Such, testimony would show, not only the power of the engine to emit sparks, but the distance they would ttavel in a state of ignition. In any aspect in which the testimony might be regarded, it seems to have been peculiarly proper, and may have been essential, to maintain the plaintiff’s case. It must be borne in mind that the evidence offered related to the capacity of this particular engine to emit igneous matter a distance greater than that intervening between it and the buildings of the plaintiff which were consumed. The testimony was not, therefore, obnoxious to the objection principally urged against evidence of a similar character in the case of Sheldon v. Hudson River Railroad Company (4 Kern., 218). There it was proposed to prove that shortly before the plaintiff’s building was burned, the witness had seen sparks and fire thrown from the engines used by the defendants in running their trains through the witness’s premises, a greater distance than this building stood from the track of the railroad. This evidence was rejected, and an exception taken; and on the ground of *547 such rejection, a new trial was granted by this court. It was argued, then, by the defendants’ counsel, that the evidence offered was too remote and indefinite to have a just influence upon the particular question in issue in the case ;• that it did not refer to any particular engine, and that it might well be that the engine which ran past the plaintiff’s premises just before the fire was quite a different one from those which scattered fire on the occasion to which the evidence offered related. Denio, Ch. J., in the opinion, says: “I think, therefore, it is competent prima facie evidence, for a person seeking to establish the responsibility of the Company for a burning upon the track of the road, after refuting every other probable cause of the fire, to show that, about the time when it happened, the trains which the Company were running past the location of the fire were so managed in respect to the furnaces as to be likely to set on fire objects not more remote than the property burned.” Hubbard, J., says: “ The evidence was competent, and should have been received, upon the proposition whether the defendants caused the fire. It was a primary fact to trace the fire to the defendants, as a ground of liability. There is no pretence in tais case that the construction of the Oneida (the engine supposed to have caused the fire in that case), as it respects the emission of sparks or cinders, differed from that of every other engine used- by the defendants on their road. It must follow, therefore, that, under the same circumstances, the same amount of sparks and coals of fire would issue from every other engine as the Oneida. The proof offered was, therefore, practically the samé as though it had been proposed to show that the Oneida frequently or generally made emissions when running at the usual speed.” It was well remarked in that case—and what was said is applicable to the present— that the admission of such evidence is essential to the administration of justice, inasmuch as circumstantial proof must, in the nature of things, be resorted to, and inasmuch as the jury cannot take judicial cognizance of the fact that locomotive engines do emit sparks and cinders which may be borne a given distance by the wind. The evidence was competent to *548 establish certain facts which were necessary to be established in order to show a possible cause of the accident, and to prevent vague and unsatisfactory surmises on the part of the jury. If the evidence offered in that case was admissible, a fortiori it was in the present case, as here it was confined to proof of what a particular engine did, and had the power and capacity to do.
We think the justice properly refused to nonsuit the plaintiff, as to the defendant Richardson, and to direct the jury to render a verdict in his favor. There was certainly some evidence to go to the jury that he was as liable as the other defendant. Previous to this burning he and the other defendant had used and worked this dredge as partners, and at the time of the fire it was being used in the same way. Ho change in the relations of the defendant Richardson to. the machine having been shown, the presumption would be, from the circumstances, that they continued the same at the time the plaintiff’s buildings were consumed. This presumption is strengthened by the proof of one of the employees on the machine, working then, as I understand the case, at the time, that he was so employed by the defendant Richardson. This proof was sufficient to send the case to the jury, and on it they have found the defendant, Richardson, was concerned in the management of the machine at the time, with the other defendant, and the Supreme Court at general term has refused to set aside the verdict as against evidence. We think it should not be disturbed and that the rulings of the justice at the trial were correct.
We think the judge ruled correctly, in excluding the defendant as a witness on his own behalf. Section 399 of the Code at the time of this trial, allowed the examination of a party on his own behalf, only when previous notice of the intention so to be examined, was given to the opposite party in writing “specifying the points upon which the party is intended to be examined.” The same provision existed, as to the examination of the assignor of a chose in action. In Faber v. Reese (8 How. P. R., 341), it was held by the general term of the fourth *549 district, that the points upon which the assignee was to be examined, must be specified in the notice. Not one word was said as to the points or subject upon which the examination was to be had. In Benham v. New York Central Railroad Company (13 How. P. R., 199), the notice was that the assignee of the plaintiff would be examined as a witness on his behalf as to the liability of the above named defendants, and also as a witness generally in said action. The general term of the eighth district held that there could hardly be a serious pretence that the'notice given in that case, was a compliance with the statute. In Pattison v. Johnson (15 How., 289), the party offered himself as a witness under the Code, as it was at the time of the trial of this action. The notice in that case was that the defendant “ will be examined as a witness on the trial of this action, in his own behalf, on each and every allegation contained in, and fact put at issue by, the pleadings therein.” Marvih, J., held the notice entirely insufficient, and that the notice gave no more information than if it had stated an intention to examine the party generally in the action in his own behalf. He said, “ there is no difficulty in practice in specifying the points upon which it is intended to examine the witness, and it is important to the adverse party that he should be informed of the subject or question in reference to which the examination is to be made. The notice should certainly • be as clear and as definite as is required in a bill of particulars.” The notice in the present case, was almost as general as that in Faber v. Reese, it being qualified as to the matters or facts set forth in the complaint. By no process of reasoning can this be maintained to be a specification of the points, upon which it was intended to examine the party. The object of the provision requiring the specification of the points, to which the assignor or the party was to be examined, is obvious. If examined, then the opposite party could offer himself as a witness on his own behalf; and it was important that he should have ample notice of the specific points upon which the assignor, or the party, proposed to be examined, that he might determine the necessity of attending the trial to be ex *550 amined on Ms own behalf, or have his testimony taken before a commissioner. This determination could not be safely made if he was partly in ignorance of the points upon which the other side proposed to examine himself or his assignor. The Code, therefore, wisely provided, that ten days before the trial, if he contemplated his own examination or. that of his assignor, he should give full notice of the matters upon which the assignor or party was to be examined, so that the party receiv. ing the notice might attend, or have his evidence there, to rebut or explain such testimony.
In reference to the request to charge that if the dredge was properly constructed; and used for the purpose to which such dredges were generally applied, and was used in the ordinary manner with the usual guards and precaution, then the defendants were not liable; we think the justice properly refused so • to charge, and that such refusal coupled with the charge which . he actually did make in reference to it, expressed the correct rule of law. A similar request was made in the case of Fero v. The Buffalo and State Line Railroad Company (22 N. Y., 209.) The defendants’ counsel there asked the court to charge that if the engine was in good order and of proper construction and used with ordinary care, the plaintiff could not recover; which request was refused and the defendants excepted; and the court did charge that under the circumstances of that case the defendants were bound to use the utmost care, and if for the want of such care, fire is communicated, the defendants were liable. This court held such charge and refusal to charge correct, and sustained the decision and rulings of the judge at the trial. In the present case, the refusal to charge, and the charge as made in connection therewith, are in accordance with correct principle and established authority, and the judgment should be affirmed, with costs.
Sutherland, J.
The testimony introduced by the plaintiff, to prove that sparks emitted from the smoke pipe of the dredge, had before been carried to as great or a greater distance, and set fire to buildings, was competent and properly *551 received; because the testimony tended to show, what experience had shown to be the nature and operation of the machine; and thus to show what degree of care was required in operating the machine.
I think there was evidence enough to submit to the jury as to the defendant, Richardson. The testimony was that the defendants had operated the dredge as partners previously ; and one of the hands employed on the dredge at the time of the accident, testified that he was hired by the defendant, Richardson, to work generally on the dredge that fall.
I think the evidence of the defendant, Richardson, was prpperly rejected on the ground that the notice of his examination" was defective, in not specifying the points upon which he was intended to be examined. (Code, § 399, amendt., 1857.) The notice in this case was general, specifying no points at all. It was, in effect, merely a notice that he would be examined as a witness in the case. (Patterson v. John, 15 How., 289; Benham v. N. Y. C. R. R. Co., 13 How., 198.)
The charge of the judge to the jury “ that if they found from the evidence, that the defendants were guilty of actual negligence in the use of the dredge, and by means thereof had fired the property of the plaintiff, he was entitled to recover ” was clearly right. It left the whole question of negligence to the jury, whose province it was to pass upon it.
The court properly refused to instruct the jury “ that if the • steam dredge was constructed in the form generally adopted, and was used for the purposes to which such dredges are generally applied; and was used and applied in' the ordinary manner, and with the usual guards and precautions adopted by persons using them; there had been no such negligence as will render the defendants’ liable in this actionbecause such a charge would have partially taken the question of negligence "from the jury; and because such machines or dredges might have been usually used and applied in a careless manner, and not with the guards and precautions which the legal duty of care in the use of such machines required.
*552 It seems .that the jury were properly told that they might allow interest upon the value of the property from the time it was destroyed. (Walrath v. Redfield, 18 N. Y., 457.) This was saying to the jury that they might allow such interest by way of damages.
My conclusion is, the judgment of the Supreme Court should be affirmed, with costs.
All the judges concurring,
J udgment affirmed.