THOMPSON v. BOSTON & MAINE RAILROAD.

In actions of tort the plaintiff is generally not entitled to interest on his
damages, when he refused, before suit, to accept for damages a sum larger
than he was entitled to.

CASE, for damages by fire from the defendants' engine.  Plea, the gen-
eral issue.   Before suit, the defendants' superintendent told the plain-
tiff he would pay him $400 for the damages.   The plaintiff refused
to accept that sum, claiming $600.   No formal tender was made or
pleaded.   The court instructed the jury, that if the plaintiff's damage
was not more than $400, and if his refusal to accept that sum pre-
vented its being paid, he was not entitled to interest.   Verdict for the
plaintiff for $375.   Motion by the plaintiff for a new trial.

*Hobbs*, for the plaintiff.

*Hatch*, for the defendants.

BINGHAM, J.   It is familiar law in this state that interest may be
recovered (1) when it is a legal claim, based upon the agreement of
the parties, that the court is bound to allow; (2) when it may be
allowed by a jury in the nature of damages, as where money is detained
after the agreed time of payment; (3) when it is due upon an open
account, after demand, or after the commencement of a suit, which

for some purposes is regarded as a demand. *McIlvaine* v. *Wilkins*, 12 N. H. 474, 480, 482; *Lancers* v. *Lovering*, 30 N. H. 511.

A ground upon which the jury is allowed, in the instances named, to give interest as damages, is stated by Lord MANSFIELD, in *Eddowes* v. *Hopkins*, Douglass 376, to be "long delay, under vexatious and oppressive circumstances."

In actions of trespass and trover for personal property, the damages being unliquidated, the ordinary rule of damages is the value of the property at the time of the taking or conversion, with interest. *Felton* v. *Fuller*, 35 N. H. 226, 229; *Adams* v. *Blodgett*, 47 N. H. 219.

The reason for allowing the jury to add interest is more satisfactory in cases of liquidated than unliquidated damages. In the first it is for the detention of money due, while in the latter it is the theory of the law that nothing is due till the damages are liquidated. Still an analogy exists between the two, in this, that the right to recover unliquidated damages accrues at the time the injury is done, and the damages are assessed for the injury as then received; and if the wrongdoer causes long and vexatious delay, and the jury cannot add interest as damages for the delay, as is done in cases of liquidated damages, injustice is the result.

The question of damages was submitted to the jury in this case. They were instructed that if they found certain facts, they would not allow interest; otherwise, they might. The instructions were, in substance, that if the defendant did not occasion the delay, but did all that was required to made amends without delay, and the fault was that of the plaintiff, he would not be entitled to interest as damages. This is the rule in this state in cases of liquidated damages. If the detention occurs through the fault of the creditor, and not that of the debtor, no interest is allowed. *Heywood* v. *Hartshorn*, 55 N. H. 476; *Otis* v. *Barton*, 10 N. H. 433; *Goff* v. *Rehoboth*, 2 Cush. 475; *Bank* v. *Bank*, 5 Pick. 106.

We think that in actions of tort the same rule may generally be applied, and that ordinarily the right to interest may be made to depend upon the cause of the delay, as was done in this case. *Walrath* v. *Redfield*, 18 N. Y. 457, 462; Sedgwick on Dam. 385; *Parrott* v. *Ice Co.*, 46 N. Y. 361, 369; *Schwerin* v. *McKie*, 51 N. Y. 180, 187.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.