GEORGE H. MOORE *et al.*, as Executors, etc., Respondents, *v.* THE NEW YORK ELEVATED RAILWAY COMPANY *et al.*, Appellants.

*Court of Appeals, June 2, 1891.*

Reversing 59 Supr. 32.

1. *Former adjudication. Bar.*—Any fact, once found and embodied in a judgment, must, *it seems*, be regarded as final and conclusive between the parties thereto and their privies, whenever and wherever the question subsequently arises.
2. *Appeal. Charge.*—An exception to a refusal to charge that the findings and decisions of the court, contained in the judgment-roll put in evidence, are conclusive upon a certain point, presents no question for review where the judgment-roll is not embraced in the record.
3. *Damages. Elevated railroads.* Though, in an action against an elevated railroad, a jury may, in their discretion, award interest upon unliquidated damages, incapable of liquidation by computation, they are not bound to do so, and a direction to compute interest on the amount allowed for each year is error.

Appeal from judgment of the New York superior court, general term, affirming judgment entered upon verdict of jury.

*Brainard Tolles*, for appellants.

*A. Edward Woodruff*, for respondents.

PECKHAM, J.—The defendants' counsel seeks to review the decision of the trial court in refusing his request to rule " that the findings and decisions of the court in the judgment-roll put in evidence, to the effect that the injury to the plaintiff by reason of the existence and operation of the elevated railroad before her building during the period

covered by that judgment was $300 a year, is conclusive as evidence upon that point."

We think the point is not presented with sufficient clearness. The judgment-roll is not attached to the record herein and we have no means of knowing what its contents were, or what facts were decided in it. The defendants' counsel, in his request to the court, assumes to describe it, and the court denies the request, but whether such denial is based upon a disbelief of the correctness of the request of counsel, as matter of law, or because of his mistaken recital of the contents of the roll, does not appear.

We cannot assume error, and hence even if we should hold that the judgment would be conclusive between the parties to this action upon the fact of the amount of injuries sustained by the plaintiff by reason of the existence of the railroad and its operation during the period covered by such judgment, we cannot say that the judgment contains any finding or decision of that nature, and therefore we cannot say the court committed any error in refusing to rule upon the subject in accordance with the defendants' request. Speaking generally, it may be said that any fact once found and embodied in a judgment, must be regarded as final and conclusive between the parties thereto, and their privies, whenever and wherever the question subsequently arises.

The judgment herein must, however, be reversed for misdirection contained in the charge of the learned judge to the jury. There was conflicting evidence as to the amount of damage caused to plaintiffs' property by the erection and operation of the defendants' railroad. The court said to the jury " that the evidence shows that a loss has been occasioned to the plaintiff, and that loss is put by the defendants' experts at the sum of $200 a year; and you must find a verdict for the plaintiff in not less than the sum of $200 a year, and such sums for interest as I shall hereafter refer you to." In a subsequent portion of the charge the learned judge said : " Now if the plaintiff is entitled to recover, she is en-

titled to recover at least the sum of $200, as I told you, and she is also entitled to recover interest on that $200 from the first day of May of each succeeding year. * * * She was entitled to it at that time; she is entitled to recover interest from that time. * * * Your verdict must be for a sum in gross, and it must include the yearly interest that I have mentioned."

This charge was erroneous. In actions of this nature, while the jury have the right in their discretion to award interest upon unliquidated damages, incapable of liquidation by computation, yet they are not bound to do so. Walrath *v.* Redfield, 18 N. Y. 457, 462; Home Ins. Co. *v.* Penn. R. R. Co., 11 Hun, 182, 188; Mairs *v.* Manhattan Real Estate Ass'n, 89 N. Y. 498; Duryee *v.* Mayor, 96 N. Y. 477, 499. We do not know what principal sum the jury found as damages upon which to base the calculation for interest, and it does not appear what the amount of interest was which the jury allowed, and we cannot therefore make an order granting a new trial in the alternative unless the plaintiff consent to deduct the interest.

The exception to the charge of the learned judge was sufficiently specific to raise the question.

The judgment must be reversed, and a new trial granted, costs to abide the event.

All concur, except GRAY, J., absent.

---

### NOTE ON " REMEDY AND RELIEF OF ABUTTING OWNER AGAINST ELEVATED RAILWAYS."

Few questions have come before the courts, in this generation, of greater practical importance, or involving larger pecuniary interests, than those growing out of the construction of railways in city streets. Kane *v.* N. Y. E. R. R. Co., 125 N. Y. 164. Whether such streets may, under legislative and municipal authority, be occupied by railroad tracks, to the inconvenience of abutting owners, without making compensation, and what limitation, if any, there is to the legislative power over streets which cannot be transgressed without violating the legal and constitutional rights of lot