ALEXANDER M. STEWART and HELEN W. STEWART, Claimants, *v.* THE STATE OF NEW YORK.   Claim No. 15132.

(State of New York, Court of Claims, September, 1918.)

**Damages — state liable for flooding claimants' farm — prescriptive rights — evidence — easements.**

In 1912 claimants went into possession of a farm purchased by them the year before.   The farm consisting of about sixty-five acres was bisected by Irondequoit creek, running north, and by Waste Weir creek, an artificial channel leading from a waste weir two miles west of the farm through which the surplus waters of the barge canal ran easterly and joined Irondequoit creek about in the center of said farm.   At the top of the barge canal, which was constructed prior to 1911, there is a

**390**   STEWART *v*. STATE OF NEW YORK.

State of New York, Court of Claims, September, 1918.   [Vol. 104.

spillway 100 feet long over which the surplus water runs into the creek's channel, and at the bottom of the canal are three gates, each three feet square, which when open drain the canal waters into the said channel which is constructed of concrete and is an enlargement of the channel theretofore existing and used in connection with a waste weir in the Erie canal, though of different dimensions, construction and location. Upon the hearing of a claim for damages caused by flooding the waters of the barge canal across said farm in 1916, it appeared that at the time of the flooding in question the waste weir gates were open to one-half of their capacity and the water came down the channel in such volume and velocity as to carry away a road bridge crossing said creek near the barge canal and a bridge built by claimants just west of the intersection of the channel with Irondequoit creek and to overflow the banks of the channel. At the intersection of both creeks the volume of water was so great as to submerge a considerable portion of the farm. *Held*, that the state having failed to prove as an affirmative defense a prescriptive right to flow water across claimants' farm, they will be given an award.

A prescriptive right in the state to discharge surplus waters from the Erie canal at irregular periods, and in hypothetical quantities, across claimants' land, did not justify the state in turning such a volume of water from the barge canal into the waste weir channel as to carry away bridges crossing it and submerge claimants' farm.

The right to flow does not necessarily include the right to flood, and as a prescriptive right can only be acquired to the extent which it is constantly made use of, and the proofs are silent as to the extent of the use prior to the construction of the barge canal, the act of the state in flooding claimants' farm, upon the theory of a prescriptive right, cannot be justified.

CLAIM for damages arising from the destruction of crops, road, bridge and farm premises caused by flooding the waters of the barge canal across claimants' farm in the eastern part of Monroe county.

Wile, Oviatt & Gilman, for claimant.

Glenn A. Frank, deputy attorney-general, for state.

Misc.]    State of New York, Court of Claims, September, 1918.

Webb, J.   This claim was made for damages aris-
ing from the destruction of claimants' crops, road,
bridge and farm premises caused by flooding the
waters of the barge canal across claimants' farm in
the eastern part of Monroe county in May and June,
1916.

Claimants purchased the premises in 1911, and went
into possession in the spring of 1912.   Their farm
consisted of some sixty-five acres bisected by Ironde-
quoit creek, running north, and by Waste Weir
creek, an artificial channel, leading from a waste weir
some two miles west of claimants' farm, through
which the surplus waters of the barge canal ran east-
erly and joined Irondequoit creek right about in the
center of claimants' farm.   The barge canal and
waste weir were constructed in and prior to 1911
by the state.   At the top of the canal was a spill-
way one hundred feet in length, over which the sur-
plus water ran into the creek channel, and at the
bottom of the canal were three gates, each three
feet square, which when open drained the canal waters
into the said channel.

The channel was constructed of concrete and was
an enlargement of the channel theretofore existing
used in connection with a waste weir in the Erie canal,
though of different dimension, construction and
location.

At the time of the flooding in question these waste
weir gates were open to one-half of their capacity,
and the water came down this channel in such volume
and velocity as to carry away a road bridge crossing
the channel near the barge canal, and a bridge con-
structed by the claimants just west of the intersection
of the channel with Irondequoit creek, and to over-
flow the banks of the channel.   At the intersection of
the Waste Weir creek with Irondequoit creek, the
volume of water was so great as to submerge a consid-

State of New York, Court of Claims, September, 1918.   [Vol. 104.

erable portion of claimants' farm, and for this act of the state claim was made.

In the deed conveying the premises to the claimant was contained the following clause: " Excepting and reserving the Grant given to the State of New York for the water flowing across said land." And this clause existed in all of the conveyances of the property made since 1867, when Henry Bull conveyed the premises, with the reservation above recited, with the addition of the words: " by the party of the first part."

No conveyance of any kind to the state of New York for any interest in these premises has ever been recorded in Monroe county, nor could such an instrument be found elsewhere, and no proofs were offered as to the existence of any conveyance to the state. It was contended on behalf of the state that the reservation in the claimants' deed was notice to the purchaser that the state had the right to cause water to flow across the premises, and that the claimants by accepting the deed containing the reservation were estopped from questioning the state's rights in the premises; also, that the state had acquired a prescriptive right to cross the claimants' lands with its waters.

As regards the first contention, there would seem to be no conflict in the authorities that a reservation or exception in favor of a stranger to a conveyance is void or inoperative, conveys no title, and is no evidence of title. *Hornbeck* v. *Westbrook,* 9 Johns. 73; *Craig* v. *Wells,* 11 N. Y. 315; *Beardslee* v. *New Berlin L. & P. Co.,* 207 id. 34.

If, then, the state took no right or interest under the deed given to the claimants, the exception above stated could not be construed as giving claimants notice that the state had any interest in the premises, in the absence of proof on that point. In 1867, Bull, then owner of this farm, said in substance that he had

Misc.]    State of New York, Court of Claims, September, 1918.

granted the state of New York the right of flowing water across said land. His statement in claimants' deed did not pass title to the state, nor conclude claimants from questioning the fact, nor justify the state in imposing flood waters on the farm.

The state claimed a prescriptive right to flow water across the premises. This was an affirmative defense and had to be proved. In the *Beardslee* case above cited, it was held that the flooding by a stranger of his neighbor's land constituted a trespass, unless the same was justified by a superior title. "As against one in possession, an intruder must justify his invasion by virtue of his own title, not by the weakness of the defendant's title." 40, 41.

In my judgment the state has failed to prove the facts necessary to create the easement claimed. The present barge canal with its spillway and waste weir gates was constructed in and immediately prior to the year 1911. Prior to that time there had been waste weir gates in the old Erie canal, a few hundred feet from those now in the barge canal, the water from which gates ran into Waste Weir creek, but how often those gates were opened, or the volume of the water that was thereby turned into Waste Weir creek, did not appear. In the case of *Prentice* v. *Geiger,* 74 N. Y. 347, it was said: " The right acquired by prescription is commensurate with the right enjoyed. The extent of the enjoyment measures the extent of the right. The right is supposed to have had its origin in a grant, and the *grant being lost, the user is the only evidence of the right granted, and* as the presumption of a grant only exists where there has been an adverse, continuous and uninterrupted user, according to the nature of the easement claimed, for the period of twenty years, *the prescriptive right is confined to the right as exercised for that period of time.*"

The right acquired by prescription can only be measured by the right enjoyed, and there was no proof as to the amount of water, if any, that flowed from the waste weir of the Erie canal upon land purchased by the claimants. It did not appear that the water flowed there every year. The grant can hardly be proved without the use made of it, and it is difficult to understand how a right can be acquired by prescription without determining what the right itself was. What was this prescriptive right? Was it limited in time, and as to the flow of the water discharged, or the season of the year? Was it made use of at all? The barge canal was much larger and much deeper than the old Erie canal. Its waste weir gates were 27 feet square. Its spillway was 100 feet in length. Its construction was completed one year before the claimants took possession of their property. Is a prescriptive right to flood this land established by showing that prior to 1911 waste weir gates had existed in the Erie canal, without any proof as to the amount of water thereby imposed on claimants' premises? The proof failed to show anything more than the existence of the channel, and its connection with the Erie canal waste weir gates.

The case of *Prentice* v. *Geiger, supra,* is illuminating upon rights of easement acquired by prescription, and the principle is there stated as follows: "The party claiming a prescriptive right cannot, within the twenty years, enlarge the use, and at the expiration of that time claim not only the use originally enjoyed but that use as supplemented and enlarged within the period of prescription.

" There must have been a continued exercise of the user for the period of twenty years *without any substantial change.*"

In my judgment, the state failed entirely to justify the flooding of the claimants' land by any right

Misc.]    State of New York, Court of Claims, September, 1918.

acquired by prescription. That water passed from the old Erie canal through the waste weir gates into the channel of Waste Weir creek, and so across claimants' premises, is probably true; such was the method of disposing of surplus waters in the old Erie canal, and the same plan was adopted in the construction of the barge canal. But a prescriptive right in the state to discharge surplus waters from the Erie canal at irregular periods, and in hypothetical quantities, across claimants' lands, was no justification for the turning of such a volume of water from the barge canal into the waste weir channel as to carry away bridges crossing it and submerge claimants' farm. The right to flow does not necessarily include the right to flood, and as a prescriptive right can only be acquired to the extent which it is constantly made use of, and the proofs being silent as to the extent of the use prior to the construction of the barge canal, the court is unable to justify the act of the state in flooding claimants' farm, upon the theory of a prescriptive right.

ACKERSON, P. J., concurs.

Ordered accordingly.